**IN THE IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| TINA LEE COX, an individual )<br><br>Plaintiff, )<br><br>vs. )<br><br>LAFAYETTE COUNTY, LAFAYETTE )<br>COUNTY SHERIFF'S DEPARTMENT, )<br>SHERIFF KERRICK ALUMBAUGH, )<br>individually and in his official capacity, )<br>CHRISTOPHER JONES, individually )<br>and in his official capacity, )<br><br>Defendants. ) | CASE # 16-CV-00798-ODS |

COMES NOW Plaintiff Tina Cox and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Tina Cox is an individual, and a Citizen of Missouri.

2.      At all times relevant to Plaintiff's claims, Plaintiff was being held in custody in the Lafayette County Jail maintained by Defendants Lafayette County and Lafayette County Sheriff's Department in Lafayette County, Missouri.

3.      Defendant Lafayette County is, and at all times was, a political subdivision of the State of Missouri.

4.      Defendant Lafayette County Sheriff's Department is a governmental body within the State of Missouri.

5.      Defendant Sheriff Kerrick Alumbaugh ("Alumbaugh") is a Missouri Citizen, and was, at all times relevant to this Complaint, the Sheriff of Lafayette County, Missouri.

6.      Defendant Christopher Danial Jones ("Jones") is a Missouri Citizen, and was, at

1

all times relevant to this Complaint, a guard and an employee of Lafayette County and/or the Lafayette County Sheriff's Department for the Lafayette County Jail.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction for all state law claims pursuant to 28 U.S.C. § 1367.

8.     Venue is proper because the events that occurred in this complaint occurred within the U.S. District Court for the Western District of Missouri.

9.     This Court has personal jurisdiction over defendants Lafayette County, the Lafayette County Sheriff's Department, Sheriff Kerrick Alumbaugh, and Christopher Jones.

## STATEMENT OF FACTS

10.     On or about May 1, 2014, Plaintiff was arrested in Lafayette County, Missouri.

11.     After being arrested, Plaintiff was incarcerated at the Lafayette County Jail.

12.     Once plaintiff was incarcerated, Christopher Jones would constantly flirt her.

13.     Other girls within the pod noticed him flirting with plaintiff. The other inmates told Plaintiff she needed to use flirtation to get things (contraband) into the pod. They stated Jones had been giving contraband to other detainees in the jail for benefits.

14.     When plaintiff refused to flirt or talk to Christopher Jones, the other girls in the pod would threaten Plaintiff.

15.     Defendant Jones was a Lafayette County prison guard. Jones controlled the prisoners, including Plaintiff. He also controlled the extent to which prisoners received certain privileges, such as access to items from the commissary, and decided which prisoners received those privileges.

16.     Plaintiff had never seen nor met Christopher Jones prior to her incarceration in Lafayette County Jail.

17.     Defendants Alumbaugh and Lafayette County allowed Defendant Jones to freely access the entire Lafayette County Jail, including the medical room.

18.     The medical room of the jail is a restricted area.

19.     Upon information and belief, the medical room has no audio and video surveillance.

20.     Some of Jones' flirtatious comments included expressing interest in having sex with Plaintiff. Jones would also make crude, offensive and derogatory remarks about Plaintiff, and Plaintiff's body. The remarks included comments describing Plaintiff as young, little and of below average intelligence (i.e., stupid).

21.     On or about May 24, 2014, Defendant Jones asked for Plaintiff in the pod, and then entered Plaintiff's cell wearing blue rubber gloves. Defendant Jones held the blue glove in front of Plaintiff's face. A hand-written note on the glove said the following: "I'm going to fuck you and get you pregnant."

22.     Jones told Plaintiff that she had to come with him to the prison's medical room for a blood pressure exam.

23.     Plaintiff, at the time, did not suffer from high or low blood pressure and had not made any complaints indicating blood pressure issues.

24.     After entering the medical room with her, Defendant Jones removed plaintiff's clothes without her consent. He then forced plaintiff to perform oral sex on him. Then he bent her over and raped her. When Jones was finished he warned plaintiff not to tell anyone about what he did to her.

25.     After raping Plaintiff, Defendant Jones took her back to her prison cell.

26.     Plaintiff immediately told another inmate she was friends with that Plaintiff was

raped. It was not long until all of the other inmates, and the other CO's, heard what happened.

27.     Plaintiff later reported the rape to prison staff.

28.     From the time the rape was reported, until June 16th, 2014, the inmates would tell plaintiff that what happened was a "good thing," and that she could use the rape to get contraband from Jones.

29.     Plaintiff's public defender at the time Janelle Mathis came to Plaintiff the first week of June 2014. Plaintiff told her lawyer what had happened. Plaintiff felt that her own lawyer did not believe her. Her lawyer seemed indifferent to plaintiff's plight. Plaintiff told her lawyer she wanted to get out of the jail because of what happened. Her lawyer said there was nothing she could do at this point in time.

30.     Meanwhile, tensions increased at the pod because Jones, who was giving contraband to other inmates, stopped doing so because of the investigation.

31.     Other inmates threatened plaintiff, stating if Plaintiff "snitched" on Jones, they (the inmates) were going to "beat her ass" every day and kill her if Jones was fired.

32.     The evening of June 15th, 2016, an inmate pushed Plaintiff into her room, then onto plaintiff's bunk bed. The inmate wanted to beat plaintiff because she did not receive any cigarettes from Jones, due to the investigation initiated by plaintiff.

33.     On June 16, 2014, Plaintiff was handcuffed and chained and escorted to a court hearing regarding the forgery charges pending against her.

34.     While in the pod, Plaintiff continued to be threatened by other women who were receiving favorable treatment and contraband, by Jones.

35.     Plaintiff was terrified at this point and was willing to do anything to get out of the jail to avoid retaliation, risk of death, or another rape by Jones.

36.     Based on this fear, Plaintiff pleaded guilty to felony forgery. The plea was made involuntarily. Plaintiff was crying hysterically during the plea hearing.

37.     Immediately after entering the guilty plea, Plaintiff was taken for "questioning" by officers of Defendant Lafayette County Sheriff's Department.

38.     Plaintiff's was not allowed an attorney to be present during this "questioning."

39.     The Lafayette County Sheriff's Department officers told Plaintiff that she had in fact engaged in consensual sexual relations with Defendant Jones and that Defendant Jones was going to lose his job because of her. This was false; Plaintiff Cox had never met Jones prior to her detention at Lafayette County.

40.     Consent is no defense to a violation of RSMo § 556.145.

41.     Plaintiff was further victimized by Defendant Lafayette County Sheriff's Department during this questioning because:

> a)     She was not afforded right to counsel;
> b)     She was degraded;
> c)     She was told that she wanted to have sexual intercourse with Defendant Jones, when in fact she did not;
> d)     She was told by officers of the Sheriff's department to lie to investigators to claim that she was not raped by Defendant Jones, and to lie and claim it was consensual;
> e)     She was made to feel that she was not allowed to go free unless she agreed with the officers that she wanted to have sex with Defendant Jones and was not raped by Defendant Jones.

42.     On June 19, 2014, Defendant Jones was charged by the Lafayette County Prosecutor with violating Missouri Revised Statutes § 566.145, § 550.04 and § 560.011 ("sexual conduct with an inmate").

43.     Plaintiff subsequently requested from Defendant Lafayette County Sheriff's Department a copy of the statement she "gave" to Defendant Lafayette County Sheriff's Department but such request was denied:

a) first, that there was no written statement;
b) second, that the recorded statement could not be duplicated;
c) third, that Plaintiff's sunshine law request was invalid;
d) fourth, that there was an ongoing criminal proceeding involving Defendant Jones that was being investigated by Defendant Lafayette County Sheriff's Department.

44. Plaintiff also requested a copy of the statement from the Lafayette County Victim Advocate. The request was denied because was told she engaged in consensual sexual intercourse with Defendant Jones and was therefore not a victim, and had no right to utilize the Victim Advocate's office.

45. Upon information and belief, Plaintiff alleges that Defendant Lafayette County Sheriff's Department investigated the charges that were brought against its own employee, Defendant Jones.

46. Upon information and belief, Plaintiff alleges that the Lafayette County Sheriff's Department told the Victim Advocate, the Lafayette County Prosecutor, and others, the lie that Plaintiff had engaged in consensual sexual intercourse with Defendant Jones.

47. Defendants Lafayette County, the Lafayette County Sheriff's Department and Alumbaugh had actual or constructive knowledge of the rape but allowed Defendant Jones to remain as a prison guard, and failed to take action to curtail or restrict Defendant Jones' power and authority over the Lafayette County jail prisoners.

48. In spite of the defendants' best efforts to derail the prosecution, Jones pled guilty on 2/2/2015 within the Lafayette County court to RSMo 566.145. The court found Defendant Jones guilty beyond a reasonable doubt.

49. Astonishingly, the defendant only received a suspended imposition of sentence with 5 years probation for raping the Plaintiff. However, the defendant later violated the terms of probation and was sentenced to four years in prison on 5/16/2016.

50.     Plaintiff's rape by Defendant Jones, and other violations of her constitutional

rights occurred as a direct result of the policies, acts and omissions of Defendants Lafayette

County, the Lafayette County Sheriff's Department, and Alumbaugh, which policies included:

a)      placing Defendant Jones in charge of managing the population at Lafayette County Jail thereby establishing him in a position of power, authority, and control over the inmates, and allowing him access to otherwise restricted areas within the prison;

b)      failing to adequately train and supervise prison guards, such as Defendant Jones, to protect the constitutional rights of the prisoners;

c)      grossly understaffing the jail;

d)      failing to adequately supervise its agents and employees;

e)      allowing Defendant Jones, a male prison guard, to take female inmates such as Plaintiff into the medical room alone without any safeguards;

f)      failing to respond to clear reports and indications that Defendant Jones was behaving and acting inappropriately;

g)      Giving Defendant Jones unfettered access to the female inmates and areas of the prison where female inmates could isolated and taken advantage of;

h)      failing to remove Defendant Jones from duty after receiving clear reports that he was behaving inappropriately and dangerously;

i)      Failing to refer the investigation of Defendant Jones to an impartial investigatory body, such as the Missouri Highway Patrol or the Missouri Attorney General;

j)      Deliberately mischaracterizing the Plaintiff as having had consensual sexual intercourse with Defendant Jones.

51.     At all times mentioned herein, Defendant Jones was an agent and employee of

Defendant Lafayette County and the Lafayette County Sheriff's Department and was acting

under color of state law and within the course and scope of such agency and employment.

52.     At all times mentioned herein, Defendant Alumbaugh was an agent and

employee of Defendant Lafayette County and the Lafayette County Sheriff's Department and

was acting under color of state law and within the course and scope of such agency and

employment.

53.     The policies of Defendants Lafayette County, Lafayette County Sheriff's

Department, and Sheriff Alumbaugh, placed Defendant Jones in control of the Lafayette

County Jail and gave him power and authority over its inmate population on behalf of Lafayette County, the Lafayette County Sheriff's Department and Sheriff Alumbaugh, such that at all times mentioned herein, Jones was an agent and employee of the Defendants Lafayette County and the Lafayette County Sheriff's Department and was acting under color of state law and within the course and scope of such agency and employment.

54. In addition to the threat of physical violence, Defendant Jones used the power, authority, and control vested in him by Lafayette County, the Lafayette County Sheriff's Department, and Sheriff Alumbaugh over the inmate population to rape Plaintiff.

55. On information and belief, members of the Lafayette County Sheriff's Department, including Defendant Alumbaugh, knew or should have known that Defendant Jones was abusing his official position by compelling Plaintiff to engage in sexual activity on the threat of physical violence or other reprisals.

56. The defendant's pattern of illegal activity, as represented by their actions, establishes the existence of a continuing, persistent and widespread practice of illegal, unconstitutional misconduct.

57. The above allegations constitute violations of Plaintiff's constitutional rights by the Defendants, including, but not limited to, her right to Due Process as guaranteed by the 1st and 14th Amendments to the Constitution, and her right to privacy as embodied in the First, Third, Fourth, Fifth and Fourteenth Amendments to the Constitution.

58. As a result of the allegations set forth above, Plaintiff has suffered damages, including, but not limited to, pain and suffering, mental anguish, severe emotional and physical distress, fear for her safety, humiliation, and the deprivation of her civil rights.

## COUNT I - 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

59.     Plaintiff incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

60.     Defendant Alumbaugh violated Plaintiff's constitutional rights to Due Process of law and her right to privacy by allowing her to be raped by Defendant Jones and by facilitating Jones in raping her, and by failing to prevent Jones from raping her. Such acts were committed in the course and scope of Alumbaugh's employment and under color of state law.

61.     Defendant Jones violated Plaintiff's constitutional rights to Due Process of law and her right to privacy by raping her and using the threat of violence and the power vested in him by Lafayette County and the Lafayette County Sheriff's Department to do so. Such acts were committed in the scope and course of Jones' agency and under color of state law.

62.     Defendants Lafayette County, the Lafayette County Sheriff's Department, and Alumbaugh violated Plaintiff's constitutional rights to Due Process of law and her right to privacy by instituting a policy at Lafayette County Jail whereby Defendant Jones was not supervised and was given unfettered access to female prisoners, such as Plaintiff.

63.     The acts and omissions of Defendants were intentional and taken in total disregard for the rights and safety of Plaintiff such that Plaintiff is entitled to an award of punitive damages.

## COUNT II - MUNICIPAL GOVERNMENT LIABILITY UNDER 42 U.S.C. § 1983

64.     Plaintiff hereby incorporates by reference paragraphs 1 through 51, as though fully set forth herein.

65.     At all times relevant to this Complaint, Defendant Alumbaugh had final policy-making authority with respect to law enforcement activities at Lafayette County Jail.

66.     Defendants Lafayette County and the Lafayette County Sheriff's Department maintained a policy, practice, procedure and/or custom of failing to adequately control, monitor and supervise male prison guards and female inmates.

Defendants Lafayette County and the Lafayette County Sheriff's Department maintained a policy, practice, procedure and/or custom of allowing a jail guard, such as Defendant Jones, to manage the prison population and to have unfettered access to female inmates without any supervision.

67.     Defendants Lafayette County and the Lafayette County Sheriff's Department either failed to prevent, or allowed Jones to rape Plaintiff while she under their control.

68.     Defendants Lafayette County and the Lafayette County Sheriff's Department maintained a policy, practice, procedure and/or custom of allowing Jones to rape Plaintiff while she was under their control.

69.     Defendant Alumbaugh knew, should have known of, or promulgated these policies, practices, procedures and/or customs, but took no action to stop them.

70.     Defendants Lafayette County's and the Lafayette County Sheriff Department's policy, practice, procedure and/or custom of allowing Defendant Jones to have unfettered, unsupervised access to female prisoners and to rape Plaintiff caused the deprivation of Plaintiff's constitutional rights to Due Process of law and her right to privacy.

71.     Defendants Lafayette County's and Sheriff Department's policy, practice, procedure and/or custom of allowing a prison guard to manage the prison population and access otherwise forbidden areas caused the deprivation of Plaintiff's constitutional rights to Due Process of law and her right to privacy.

72.     Defendant Alumbaugh had actual or constructive knowledge of Defendants

Jones' conduct toward Plaintiff.

73.     Defendant Alumbaugh took no action to prevent Defendant Jones' violation of Plaintiff's constitutional rights even after reports of Plaintiff's rape.

74.     Defendants Lafayette County and the Lafayette County Sheriff's Department are liable to Plaintiff for its failure to train Defendant Jones, control Defendant Jones, supervise Jones and remove Jones from duty.

75.     As a result of Lafayette County's and the Lafayette County Sheriff Department's policy or custom, Plaintiff has suffered damages, including, but not limited to, pain and suffering, mental anguish, severe emotional and physical distress, fear for her safety, humiliation, and the deprivation of her civil rights.

### COUNT III - NEGLIGENT TRAINING, SUPERVISION AND RETENTION AGAINST DEFENDANTS LAFAYETTE COUNTY, THE LAFAYETTE COUNTY SHERIFF'S DEPARTMENT, AND ALUMBAUGH

76.     Plaintiff hereby incorporates by reference paragraphs 1 through 64, as though fully set forth herein.

77.     Defendants Lafayette County and the Lafayette County Sheriff's Department owed Plaintiff the duty to exercise reasonable and ordinary care to train its officers and guards in order to prevent her unlawful physical injury, including, but not limited to, the duty to exercise reasonable and ordinary care to provide adequate training so as to prevent her from being raped by her fellow inmates and prison agents and employees.

78.     Defendants Lafayette County and the Lafayette County Sheriff's Department knew or reasonably should have known that individuals whom it employed were not properly trained or supervised to fulfill their duties and obligations owed to Plaintiff and others similarly situated.

79.     Defendants Lafayette County and the Lafayette County Sheriff's Department failed to take steps to adequately train and/or supervise its agents and employees to ensure that such agents and employees were able to fulfill such duties and obligations to Plaintiff and others.

80.     Defendants Lafayette County and the Lafayette County Sheriff's Department continued to employ Defendant Jones as a prison guard despite his inadequate training.

81.     Defendants Lafayette County and the Lafayette County Sheriff's Department failed to exercise reasonable and ordinary care in training and/or supervising Defendant Jones while he was performing his duties as prison guard.

82.     Defendants Lafayette County and the Lafayette County Sheriff's Department continued to authorize Defendant Jones to act as prison guard despite his inadequate training and supervision.

83.     Defendants Lafayette County and the Lafayette County Sheriff's Department knew or reasonably should have anticipated that Jones was subjecting Plaintiff to unlawful physical injury, including but not limited to, rape and sexual abuse.

84.     Defendants Lafayette County and the Lafayette County Sheriff's Department failed to exercise reasonable and ordinary care to protect Plaintiff from such unlawful injury.

85.     As a direct and proximate result of Defendants Lafayette County's and the Lafayette County Sheriff's Department's negligence, Plaintiff was damaged, in that Plaintiff was deprived of her civil rights, suffered mental anguish, emotional distress, and feared for her safety and humiliation.

## COUNT IV- ASSAULT
## AGAINST LAFAYETTE COUNTY AND LAFAYETTE COUNTY SHERIFF'S DEPARTMENT, AND JONES

86.     Plaintiff hereby incorporates by reference paragraphs 1 through 74, as though fully set forth herein.

87.     As a direct and proximate result of the intentional acts of Defendants Jones, Plaintiff suffered damages, was deprived of her civil rights, suffered mental anguish, emotional distress, fear for her safety and humiliation.

88.     Defendant Jones was acting within the scope and course of his employment as a prison guard with Defendants Lafayette County and the Lafayette County Sheriff's Department when he planned to rape Plaintiff, when he degraded Plaintiff, when he acknowledged that Plaintiff was young, small and of below average intelligence, when he opened Plaintiff's cell door, when he escorted Plaintiff to the medical room, when he held the blue glove with the vulgar writing in front of her face, when he raped Plaintiff in the medical room, when he escorted her back to her cell, when he gave her a piece of paper with a blood pressure reading, and when he gave her a towel, hygiene products and a cookie.

89.     Jones' acts were intentional, and taken in total disregard for the rights of Plaintiff such that Plaintiff is entitled to an award of punitive damages.

### COUNT V – BATTERY
### AGAINST LAFAYETTE COUNTY AND LAFAYETTE COUNTY SHERIFF'S DEPARTMENT, AND JONES

90.     Plaintiff incorporates by reference paragraphs 1 through 78, as though fully set forth herein.

91.     Defendants Jones, acting in the course and scope of his agency, committed a battery upon Plaintiff by forcing her to have sexual intercourse with Defendant Jones against Plaintiff's will.

92.     Defendant Jones' acts were intentional and taken in total disregard for the rights

of Plaintiff such that Plaintiff is entitled to an award of punitive damages.

93. Defendants Lafayette County and the Sheriff's Department are vicariously liable for the acts of Defendant Jones because he was supervising the inmate population at Lafayette County Jail within the scope and course of his employment as a prison guard with Lafayette County and the Sheriff's Department when he committed the aforementioned acts.

## COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST LAFAYETTE COUNTY, LAFAYETTE COUNTY SHERIFF'S DEPARTMENT AND CHRISTOPHER JONES

94. Plaintiff incorporates by reference paragraphs 1 through 82, as though fully set forth herein.

95. Defendant Jones inflicted emotional distress on Plaintiff through his extreme and outrageous conduct.

96. As a direct and proximate result of such intentional infliction of emotional distress by defendants, Plaintiff has suffered and continues to suffer extreme mental anguish.

97. The extreme and outrageous conduct of defendant, as described above, was made without just cause and provocation and was intentional and taken in total disregard for the rights and safety of Plaintiff such that Plaintiff is entitled to an award of punitive damages.

98. Defendants Lafayette County and the Lafayette County Sheriff's Department are vicariously liable for the acts of Jones because he was supervising the inmate population at Lafayette County Jail within the scope and course of his employment (as prison guard) with Lafayette County and the Lafayette County Sheriff's Department when he committed the aforementioned acts.

## COUNT VII - ALL DEFENDANTS 42 U.S.C. § 1988

99. Plaintiff incorporates by reference paragraphs 1 through 87, as though fully set

forth herein.

100. With respect to the claims enforcing the provisions of 42 U.S.C. § 1983 on which Plaintiff prevails, Plaintiff is entitled to compensation for her reasonable attorneys' fees and costs, as provided for by 42 U.S.C. § 1988(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. Actual damages sufficient to compensate her for her injuries;
2. Damages for medical and related expenses according to proof;
3. Damages for loss of earnings according to proof;
4. Punitive damages in an amount sufficient and necessary to punish these Defendants and to deter others from like actions;
5. For reasonable attorneys' fees and litigation expenses;
6. For costs of the suit herein;
7. Any other and further relief that the court considers just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable to a jury.

Respectfully Submitted on 7/14/16,

_Tina Cox_

Tina Lee Cox
c/o Joseph LaCome
3025 E. Hawkins St.
Springfield, MO 65804
**PLAINTIFF PRO SE**